UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON & COMPANY INSURANCE BROKERS, INC., a California corporation, and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>QFA ROYALTIES LLC, *et al.*,<br><br>    Defendants. | E-FILED 08/22/08 / LINK #156<br><br>CASE NO. CV06-5849 PSG (PLA)<br><br>Hon. Philip S. Gutierrez |

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Having considered the petition of plaintiff Gibson & Company Insurance Brokers, Inc. ("Plaintiff") requesting preliminary approval of a settlement of this class action litigation (the "Litigation") with defendants QFA Royalties LLC, Quizno's Franchising II LLC, QIP Holder LLC, TQSC II LLC, QAFT, Inc., as Trustee and on behalf of the National Marketing Fund Trust and the Regional Advertising Program Trust, American Food Distributors LLC, The Quizno's Master LLC, QCE LLC, Quizno's Franchising LLC, and Continental Lending Group LLC, Premiere Global Services, Inc., Xpedite Systems, LLC d/b/a/ Premiere Global Services, and Growth Partner LLC (together, "Defendants"), in accordance with a Settlement Agreement made between them which, together with

455036/E/3

the Exhibits annexed thereto (collectively, the "Settlement Agreement," a copy of which was made a part of Plaintiff's petition for preliminary approval), sets forth the terms and conditions for the proposed settlement and dismissal of the Litigation with prejudice, the Court hereby finds that:

   (a) The settlement proposed in the Settlement Agreement has been negotiated at arms' length and is not collusive, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class (as defined below);

   (b) With respect to the proposed Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that certification is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). In particular, the Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that (a) the members of the proposed Settlement Class are so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the proposed Settlement Class; (c) the claims of the proposed representative plaintiff are typical of the claims of the proposed Settlement Class; (d) the proposed representative plaintiff and proposed Settlement Class Counsel have and will fairly and adequately protect the interests of the proposed Settlement Class; (e) the questions

of law and fact common to members of the proposed Settlement Class predominate over questions affecting only individual members; and (f) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy; and

(c) The form of Notice to the Settlement Class attached as Exhibit 2 to the Settlement Agreement and to this Order, and the method of providing such Notice to the proposed Settlement Class (as described and defined as "Class Notice" in paragraph 15 of the Settlement Agreement), comply with Rule 23 of the Federal Rules of Civil Procedure and with due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Litigation.

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement is therefore preliminarily approved, subject to further consideration at the Final Settlement Hearing described below.

2. For purposes of effectuating the settlement only, the following class (the "Settlement Class") is conditionally certified and approved pursuant to *Amchem* and Rule 23 of the Federal Rules of Civil Procedure:

> All subscribers, as of November 1, 2005, of any telephone facsimile number to which the form of facsimile attached as Exhibits 1 and 2 to the Third Amended Complaint (collectively the "Fax") was successfully transmitted, as reflected in the Premiere Defendants' transmission records produced in the Lawsuit ("Transmission Records").

3. Gibson & Company Insurance Brokers, Inc., is designated and appointed representative of the Settlement Class.

4. Scott Z. Zimmermann of Zimmermann, Koomer, Connolly, Finkel & Gosselin LLP, and C. Darryl Cordero of Payne & Fears LLP, are designated and appointed as Settlement Class Counsel.

5. Rosenthal & Company LLC is designated and appointed as the Claims Administrator under the Settlement Agreement.

6. The form of Notice to the Settlement Class Members attached as Exhibit 2 to the Settlement Agreement and to this Order, and the Claim Form attached as Exhibit 1 to the Settlement Agreement and to this Order, are approved.

7. Within 7 days after the entry of this Order, the form of Notice, together with the Claim Form, shall be sent by the Claims Administrator by facsimile transmission to each of the telephone facsimile numbers to which the Fax was successfully transmitted, as reflected in the Premiere Defendants' (as defined

in the Settlement Agreement) transmission records produced in the Litigation under Bates Nos. PGS 000133-1042, PGS 001044-1896, and PGS 013322-14655 (the "Transmission Records").  The telephone facsimile number shall not appear on the Notice or Claim or the facsimile cover sheet used when transmitting the Notice and Claim Form.  For any such facsimile transmission of the Notice and Claim Form by the Claims Administrator that is unsuccessful after three attempts, the Claims Administrator shall promptly send the Notice and Claim Form by first-class mail to the last-known address of each Settlement Class member, as reflected in the database produced by FaxVantage in the Litigation, with addresses to be updated using the United States Postal Service's change of address registry.  For any mailed Notice and Claim Form returned undelivered, the Claims Administrator shall promptly perform in good faith a single search through an Internet address search site to further attempt to identify the addressee's current address.  If the Claims Administrator thereby obtains a current address for a particular Settlement Class member, it shall promptly re-mail the Notice and Claim Form to that address.  Otherwise, the Claims Administrator will note on its records that it was not able to locate a current address for the particular Settlement Class member.  The sending of the Notice and Claim Form in accordance with the foregoing shall constitute the "Class Notice." This Class Notice fully complies with the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable

under the circumstances, and is sufficient notice to all persons entitled to notice of the settlement of this Litigation.

8. The provisions for claim submission and for challenges to claims shall be as set forth in paragraphs 11 and 12 of the Settlement Agreement, provided, however, that the Claims Submission Deadline shall be 77 days after entry of this Order.

9. A hearing to determine whether the settlement should be given final approval, and to determine whether the "Motion for Fees" and "Motion for Incentive Award" should be approved by the Court (the "Final Settlement Hearing"), will be conducted on February 23, 2009, at 1:30 P.M. in Courtroom 790 of this Court.

10. Members of the Settlement Class may request exclusion from the Settlement Class on or before November 7, 2008. A request for exclusion from the Settlement Class must be in writing and must state the name, address, and telephone number of the person seeking exclusion. Each request must also contain a signed statement that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *Gibson v. QFA Royalties* litigation." A request for exclusion must be mailed to the Claims Administrator at the address provided in the Class Notice and must be received no later than November 7, 2008. Any

request for exclusion that does comply with these requirements or that is untimely shall be ineffective. The Claims Administrator shall submit to the Court a list of the individual Settlement Class members timely requesting exclusion on or before November 21, 2008.

        11.    Members of the Settlement Class shall have the right to object to the proposed settlement, the "Motion for Fees" and the "Motion for Incentive Award." No Settlement Class member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class member shall be received and considered by the Court unless, no later than February 2, 2009, the Settlement Class member files with the Clerk of Court and mails to Settlement Class Counsel and Defendants' counsel specified in the Class Notice written objections that include (a) a notice of intention to appear, if applicable, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objections and any reasons why the Settlement Class member desires to appear and be heard, as well as all briefs, supporting papers, or documents that the Settlement Class member desires the Court to consider. Any Settlement Class member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and shall be forever barred from making any such objections in the Litigation or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate or modify any approval of the Settlement

Agreement, "Motion for Fees" or "Motion for Incentive Award." Plaintiff and Defendants shall file any written replies to timely-filed objections, if any, no later than February 17, 2008. There shall be no further replies.

12. The amount of attorneys' fees and expenses to be paid to Settlement Class Counsel and the amount of the incentive award to be paid to Plaintiff under paragraphs 8A and 8C, respectively, of the Settlement Agreement shall be determined at the Final Settlement Hearing. Settlement Class Counsel shall file a "Motion for Fees" and a "Motion for Incentive Award" (as those terms are defined in paragraphs 8A and 8C, respectively, of the Settlement Agreement) no later than 35 days before the Final Settlement Hearing.

13. Unless and until the settlement is canceled and terminated pursuant to paragraphs 4 or 9 of the Settlement Agreement, all proceedings in this Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement and this Order, are hereby stayed and suspended until further order of this Court.

14. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiff and all Settlement Class members shall be preliminarily enjoined, during the period from the entry of the Preliminary Approval Order to the date of the Final Settlement Hearing, from commencing or

prosecuting any action asserting any of the claims and causes of action to be released under paragraph 14 of the Settlement Agreement, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.  Any person or entity that knowingly violates the injunction shall pay the costs and attorneys' fees incurred by Defendants, or any of them, as a result of the violation.  Nothing in this paragraph shall be construed to prevent a Settlement Class member from presenting objections to the Court regarding the Settlement Agreement, "Motion for Fees" or "Motion for Incentive Award" in accordance with paragraph 11 of this Order.

15. If the settlement proposed in the Settlement Agreement and the final Judgment and Order contemplated by the Settlement Agreement do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, or in the event the Settlement Agreement is timely and validly cancelled by the Quizno's Defendants as provided in paragraphs 4A and 4B thereof, or Plaintiff exercises its right to cancel the Settlement Agreement as provided in paragraph 9 thereof, then the Settlement Agreement and proposed settlement shall have no force or effect, the parties shall be restored to their respective positions prior to February 13, 2008, any

certification of the Settlement Class and the Court's preliminary findings in connection therewith shall be vacated, the Litigation shall proceed as though the Settlement Class had never been certified (with the statute of limitations relating back to the original filing date of the Litigation of August 10, 2006), and all Defendants shall have the right to oppose the certification of any plaintiff class; provided, however, that the obligations of paragraph 7C of the Settlement Agreement, paragraph 9 thereof (solely as it relates to paragraph 7C thereof or to the Quizno's Defendants' liability to reimburse all attorneys' fees and costs incurred by Plaintiff in connection with the negotiation, approval or implementation of the settlement, in the event that Plaintiff cancels the Settlement Agreement under paragraph 9 thereof) and paragraph 31 thereof shall survive and remain enforceable.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Settlement Hearing without further notice to the Settlement Class.

Entered: August 22, 2008          _____**PHILIP S. GUTIERREZ**\_\_\_\_
                                                    Hon. Philip S. Gutierrez

10