FILED 02-27-09
JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON & COMPANY INSURANCE BROKERS, INC., a California corporation, and others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>QFA ROYALTIES LLC, *et al.*,<br><br>      Defendants. | CASE NO. CV06-5849 PSG (PLA)<br><br>Hon. Philip S. Gutierrez |

### [~~PROPOSED~~ REVISED] FINAL JUDGMENT AND ORDER

On August 22, 2008, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the Settlement Agreement and settlement of this action and conditionally certifying, for settlement purposes only, a Settlement Class.

On February 23, 2009, the Court held a fairness hearing (the "Final Settlement Hearing"), for which members of the Settlement Class had been given appropriate notice. The Final Settlement Hearing was held in Courtroom 290 at the District Court for the Central District of California in Los Angeles, California. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

1

Having considered all papers filed in connection with the Final Settlement Hearing, including the "Motion for Final Approval of Settlement," the "Motion for Fees" and the "Motion for Incentive Award," and statements made on the record,

**THE COURT HEREBY FINDS AND ORDERS:**

1. This Court has jurisdiction over Plaintiff Gibson & Company Insurance Brokers, Inc. ("Plaintiff"), Defendants QFA Royalties LLC, Quizno's Franchising II LLC, QIP Holder LLC, TQSC II LLC, QAFT, Inc., as Trustee and on behalf of the National Marketing Fund Trust and the Regional Advertising Program Trust, American Food Distributors LLC, The Quizno's Master LLC, QCE LLC, Quizno's Franchising LLC, Continental Lending Group LLC, Premiere Global Services, Inc., Xpedite Systems, LLC d/b/a/ Premiere Global Services, and Growth Partner LLC ("Defendants"), members of the Settlement Class, the Claims Administrator, the claims asserted in this lawsuit, the claims made by Settlement Class members (including the determination of any challenges thereto), and the claims and causes of action released in paragraphs 14B, 14C and 14E of the Settlement Agreement.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arm's length negotiations and is non-collusive.

FILED 02-27-09
JS-6

3. This Court grants final approval of the settlement and Settlement Agreement, including but not limited to the releases therein, and finds that the settlement and Settlement Agreement are in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. No Settlement Class member filed an objection to the Settlement Agreement or to any of the Motions pending before the Court.  Therefore, all members of the Settlement Class who have not requested exclusion from the Settlement Class are bound by this Final Judgment and Order.

### Class Certification

4. The Court finds and concludes, with respect to the Settlement Class, that (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed representative plaintiff are typical of the claims of the Settlement Class; (d) the proposed representative plaintiff and Settlement Class Counsel have and will fairly and adequately protect the interests of the Class; (e) the questions of law and fact common to members of the proposed Settlement Class predominate over questions affecting only individual members, and a class action is superior to other available methods of fairly and efficiently adjudicating the controversy.  The Court finds that

4841-8523-2131

certification of the Settlement Class is appropriate under <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591 (1997).

5.  The provisionally certified Settlement Class is now finally certified, for purposes of effectuating the settlement, pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), as follows:

> All subscribers, as of November 1, 2005, of any telephone facsimile number to which the form of facsimile attached as Exhibits 1 and 2 to the Third Amended Complaint (collectively the "Fax") was successfully transmitted, as reflected in the Premiere Defendants' transmission records produced in the Lawsuit.

6.  The certification of the Settlement Class is non-precedential and without prejudice to Defendants' and Plaintiff's rights under the Settlement Agreement if the Settlement Agreement and this Final Judgment and Order do not become effective, as provided in paragraph 3 of the Settlement Agreement.

7.  In its Preliminary Approval Order, the Court designated Gibson & Company Insurance Brokers, Inc. as representative of the Settlement Class. The Court hereby affirms that designation.

FILED 02-27-09
JS-6

8.     In its Preliminary Approval Order, the Court appointed Scott Z. Zimmermann of Zimmermann, Koomer, Connolly, Finkel & Gosselin LLP and C. Darryl Cordero of Payne & Fears LLP as Settlement Class Counsel. The Court hereby affirms that appointment.

9.     In its Preliminary Approval Order, the Court appointed Rosenthal & Co., Inc. as the Claims Administrator. The Court hereby affirms that appointment.

## Class Notice

10.    The Declaration of Joni Brown, Case Manager of the Claims Administrator shows that Class Notice was given by facsimile transmission and, in some cases, was followed by first-class mail in accordance with the Settlement Agreement and with the Court's Preliminary Approval Order. The Class Notice (as described and defined in paragraph 15 of the Settlement Agreement and in the Declaration of Joni Brown) complies with the requirements of Federal Rule of Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

4841-8523-2131

FILED 02-27-09
JS-6

## Objections and Opt-Outs

11. No Settlement Class member filed an objection to the Settlement Agreement or to any of the Motions pending before the Court.

12. A total of 31 persons or entities have validly requested exclusion from the Settlement Class. A list of the persons or entities that have validly requested exclusion from the Settlement Class has been reported to the Court on November 24, 2008, and that report is attached as Exhibit A.

## Class Relief

13. The party financially responsible under paragraph 9 of the Settlement Agreement shall create the fund described in paragraph 10 of the Settlement Agreement by depositing with the Claims Administrator the monies comprising the Aggregate Settlement Payment (as defined in paragraph 10 of the Settlement Agreement) on or before the date or dates that such monies are due to be deposited pursuant to paragraph 10, and the Claims Administrator will distribute the Monetary Class Relief (as defined in paragraph 5 of the Settlement Agreement) in accordance with the Settlement Agreement, including paragraphs 5, 7C, 8, 10 and 13 thereof.

## TCPA Instruction

14. The Quizno's Defendants (as defined in the Preamble of the Settlement Agreement) will provide mandatory TCPA compliance training to all of their employees responsible for the transmission of faxes through fax broadcasting services. The Premiere Defendants (as defined in the Preamble of the Settlement Agreement) will provide mandatory TCPA compliance training to all of their employees in the United States Fax Launch Group, i.e., the employees responsible for fax broadcasting services.  This training will be provided within 30 days after the Effective Date (as defined in paragraph 27 of the Settlement Agreement).  The Quizno's Defendants and the Premiere Defendants shall be responsible for their own training, including its form and content.

## Injunction and Release of Claims

15. Automatically and immediately upon the satisfaction of the payment obligations of paragraphs 5, 7C, 8 and 10(i)-(vi) of the Settlement Agreement by timely deposit of all such amounts with the Claims Administrator, Plaintiff and each other Settlement Class member (except those persons and entities listed in Exhibit A hereof); and to the extent the Settlement Class Member is a business, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, and

predecessors-in-interest, and all of the aforementioned's respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors, and assigns; and to the extent the Settlement Class member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each Settlement Class member, by operation of this Order shall have and have remised, released, and forever discharged any and all claims, demands and causes of action, whether currently known or unknown, arising from or relating in any way to the November 1, 2005, transmission of the Fax which any of the foregoing have, may have, or may hereafter have against Defendants, their respective parent, subsidiary and affiliated companies, Quizno's franchisees, Quizno's area directors, Defendants' insurers, and the officers, directors, shareholders, owners, members, managers, employees, agents and attorneys of each of them.  Plaintiff and each other Settlement Class member automatically and immediately upon the satisfaction of such payment obligations also waive the rights and benefits, if any, conferred by section 1542 of the California Civil Code.  Such release shall not affect or impair the obligations of the Parties under the Settlement Agreement.

   16. Plaintiff and each Settlement Class member (except those persons and entities listed in Exhibit A hereof); and to the extent the Settlement

Class Member is a business, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors, and assigns; and to the extent the Settlement Class member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each Settlement Class member, are hereby permanently enjoined, as of the date of this Order, from commencing or prosecuting any action arising out of any and all claims and causes of action, whether currently known or unknown, arising from or relating to the November 1, 2005, transmission of the Fax against Defendants, their respective parent, subsidiary or affiliated companies, Quizno's franchisees, Quizno's area directors, Defendants' insurers, and the officers, directors, shareholders, owners, members, managers, employees, agents and attorneys of each.  Any person or entity who knowingly violates this injunction shall pay the costs and attorney's fees incurred by Defendants, or any of them, as a result of the violation.

### Award of Attorneys' Fees, Costs, and Incentive Award

17. Settlement Class Counsel shall be paid the amount of $3.625 million in accordance with paragraphs 8A-B of the Settlement Agreement, within 10 business days after the Effective Date (as defined in paragraph 27 of the Settlement Agreement). The Court finds this amount to be fair and reasonable, and sufficiently supported.

18. Gibson shall be paid an incentive award in the amount of $15,000 in accordance with paragraphs 8C of the Settlement Agreement within 10 business days after the Effective Date (as defined in paragraph 27 of the Settlement Agreement). The Court finds that this payment is justified by Gibson's service to the Settlement Class.

### Other Provisions

19. Defendants have filed documents with this Court to show compliance with 28 U.S.C. § 1715(b), which requires notification to the Attorney General of the United States and the Attorney General of each state where a Settlement Class Member resides. The Court finds that Defendants have complied with this statute.

20. The Claims Administrator shall, in consultation with Settlement Class Counsel and Quinzo's Defendants, administer the settlement in good faith and in accordance with the terms of the Settlement Agreement.

21. This action, including the Third Amended Complaint and all Cross-Claims, Counterclaims and Cross-Counterclaims, is dismissed with prejudice, subject to the Court's retention of continuing jurisdiction as set forth in paragraph 22 of this Judgment and Order, provided that such dismissal shall not affect or impair the obligations of the Parties under the Settlement Agreement or the obligations of the Defendants under any agreements regarding the resolution of the Lawsuit as between or among them.

22. Notwithstanding the dismissal of the action as provided above, this Court retains continuing jurisdiction over this action, Plaintiff, Defendants, all Settlement Class members and the Claims Administrator to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement of the Settlement Agreement and the resolution of claim disputes.

23. The parties to the Settlement Agreement shall carry out their respective obligations thereunder.

24.   If the Settlement Agreement and the Final Judgment and Order do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, or Plaintiff exercises its right to cancel the Settlement Agreement as provided in paragraph 9 thereof, then the dismissal of the action as set forth in paragraph 21 hereof shall be null and void and vacated, the Settlement Agreement shall be of no force or effect, the Parties shall be restored, without prejudice, to their respective positions prior to February 13, 2008, any certification of the Settlement Class shall be vacated, the Lawsuit shall proceed as though the Settlement Class had never been certified (with the statute of limitations relating back to the original filing date of the Lawsuit of August 10, 2006), and all Defendants shall have the right to oppose the certification of any plaintiff class; provided, however, that the obligations of paragraph 7C thereof, paragraph 9 thereof (solely as it relates to paragraph 7C thereof or to the Quizno's Defendants' liability to reimburse all attorneys' fees and costs incurred by Plaintiff in connection with the negotiation, approval or implementation of the settlement, in the event that Plaintiff cancels the Settlement

FILED 02-27-09
JS-6

Agreement under paragraph 9 thereof) and paragraph 31 thereof shall survive and remain enforceable).


Dated: __2/23/09_____


**PHILIP S. GUTIERREZ**
Hon. Philip S. Gutierrez
United States District Judge

4841-8523-2131